FROM : PORTABELLA          FAX NO. :212397380          May. 15 2007 01:36PM  P2

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/20/2007
```

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------
ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor,

                Plaintiff,

      v.

PORTA BELLA, INC., A Corporation;
PORTA BELLA PR, INC., A Corporation;
PORTA BELLA HOLDING COMPANY, INC, A Corporation;
PORTA BELLA BUYING OFFICE, INC., A Corporation;
HAMDY ASHMAWY, Individually;

                Defendants.
------------------------------------------------

Civil Action

File No.  07-CV-04846-DAB

CONSENT JUDGMENT

    Plaintiff, the Secretary, has filed her Complaint and defendants PORTA BELLA, INC., PORTA BELLA PR, INC., PORTA BELLA HOLDING COMPANY, INC, PORTA BELLA BUYING OFFICE, INC., and HAMDY ASHMAWY have appeared by Counsel, and an agreement was reached by all the parties to resolve all the issues raised in this action. Defendants, without admitting or denying the allegations of the Complaint, consent to the entry of this Judgment, and it is therefore upon motion of the attorneys for the Secretary and for good cause shown:

    1. ORDERED that defendants, their officers, employees, agents, and all persons acting or claiming to act in the defendants' behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, (29 U.S.C. Section 201 et seq.), (the Act), in any manner, specifically including:

(1) Defendants shall pay employees at time and one-half their regular hourly rates for all hours worked over 40 per week, and shall not, contrary to Section 7 of the Act, employ any of their employees in any workweek for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the employee receives compensation in compliance with the Act.

(2) Defendants shall make, keep, and preserve accurate and complete records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the Regulations issued pursuant to Section 11(c) of the Act and found at 29 CFR Part 516.

In the future, should the U. S. Department of Labor determine that the defendants have violated the provisions of the Act, written notice of such determination shall be sent to defendants' counsel and to defendants with an opportunity to cure the violation within 10 days prior to initiating an action in Federal Court; and it is further

II. ORDERED that the defendants are enjoined and restrained from withholding the payment of overtime compensation, plus interest, due their employees listed in Exhibit A in the gross amount of $173,045.66. Payment of that sum shall be made in six (6) installments in accordance with the schedule shown in Exhibit B, attached. Defendants shall pay all installments by delivering certified checks or bank checks or money orders to the United States Department of Labor – Northeast Region, JP Morgan Chase, P.O. Box 880903, Dallas, Texas 75388-0903, payable to the order of "Wage and Hour-Labor".

III. Ordered that in the event that any installment payment is not made within ten days of the due date as set forth in Exhibit B, the remaining installment payments shall become due immediately, and it is further

2

IV. ORDERED that a copy of each certified check and cover letter when due as set forth in Exhibit A shall be simultaneously sent to Philip Jacobson, U. S. Department of Labor, Wage Hour District Office, 26 Federal Plaza, Room 3700, New York, New York, 10278 and Douglas Weiner, Esq., U.S. Department of Labor, Office of the Regional Solicitor, 201 Varick Street, Room 983, New York, New York 10014. The Secretary shall distribute the defendants' payments to the employees and former employees, or to their estates, as set forth in Exhibit A.

Defendants shall provide to plaintiff the social security number and last known address of each employee or former employee listed in Exhibit A of this Judgment.

Any sums not distributed to the employees or former employees named herein, or to their personal representatives because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be deposited with the Clerk of this Court who shall deposit such money with the Treasurer of the United States pursuant to 28 U.S.C. 2041 and 2042; and it is further

V. ORDERED that neither defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this Judgment; and it is further

VI. ORDERED that if the defendants fail to make any of the installment payments as set forth above, then the Court shall appoint John Braslow, Esq. as a Receiver. If John Braslow, Esq. is unavailable or declines to act as a Receiver, the plaintiff shall provide the Court with the names of potential Receivers. The Court may appoint the Receiver from those offered by the Secretary or may appoint another Receiver at its discretion. In the event a Receiver is appointed, defendants shall produce to the Court appointed Receiver all books and records and any other information the Receiver requires to carry out the provisions of this Judgment. In addition, the

3

defendants shall submit to a sworn accounting by an independent certified public accountant and\or the Receiver, and shall testify, if the accountant or Receiver so decides. The Receiver shall have all authority to: collect the Defendants' assets and report his/her findings to the Court and the parties; to redeem and/or liquidate the defendants' assets and turn over the proceeds to the Secretary; if the asset is a debt that is due, collect it and turn over the proceeds to the Secretary; to analyze all indebtedness and where deemed appropriate seek restructuring; to analyze all transfers of the defendants' assets; to prevent waste or fraud; and to do all acts and take all measures necessary or proper for the efficient performance of the duties under this Judgment and Order. The Receiver shall serve until the payments of the monetary terms of this Judgment are satisfied, and it is further

VII. ORDERED that all the expenses of the accountant or Receiver shall be borne solely by defendants; and it is further

VIII. ORDERED that the defendants shall advise all their employees of the employees' rights under the Fair Labor Standards Act, and the terms of this Judgment, including the payment of minimum wages and overtime and the rights of employees to engage in activity protected by the Act without fear of retaliation. This advice to employees shall take place within 30 days of the entry of Judgment on a workday; and it is further

IX. ORDERED that defendants shall place posters provided by the Wage and Hour Division with information about the FLSA where employees may view them; and it is further

X. ORDERED that neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees or former employees of defendants not listed in Exhibit A to file any action against defendants under Section 16(b) of the Act, or likewise for any current or former employee listed

4

in Exhibit A to file any action against defendants under Section 16(b) of the Act for any violations alleged to have occurred after May 4, 2006; and it is further

MAY 14, 2007

XI. ORDERED that each party will bear its own fees and other expenses incurred by

5

FROM : PORTABELLA                FAX NO. :212397380                May. 15 2007 01:37PM P7

such party in connection with any stage of this proceeding.

SO ORDERED:

*Deborah A. Batts*
HONORABLE DEBORAH A. BATTS
UNITED STATES DISTRICT JUDGE
6/20/07

DATED:
   June    , 2007
   New York, New York

Defendant have appeared by counsel, and hereby consent to the entry of this Judgment.

_____
HAMDY GHMAWY, Individually

_____
Michael Kaufman, Esq.
Attorney for Defendants

PORTA BELLA, INC., A Corporation;
By: _____

PORTA BELLA PR, INC., A Corporation;
By: _____

PORTA BELLA HOLDING COMPANY, INC, A Corporation;
By: _____

PORTA BELLA BUYING OFFICE, INC., A Corporation;
By: _____

6

FROM : PORTABELLA                FAX NO. :212397380                May. 15 2007 01:37PM P8

RESOLVED, that the corporations, PORTA BELLA, INC., PORTA BELLA PR, INC., PORTA BELLA HOLDING COMPANY, INC, PORTA BELLA BUYING OFFICE, INC., hereby ratify and confirm the offer made to ELAINE L. CHAO, Secretary of Labor, with respect to the alleged violations of the Fair Labor Standards Act of 1938, as amended, and that the corporation consents to the entry of this Judgment against it to be entered in an action which has been filed by the Secretary of Labor against the corporation. The officers of the corporations are authorized to do and perform all acts and things necessary to effectuate the provisions of said Judgment and any or all stipulations, amendments and changes therein.

    The undersigned authorized officer of the aforesaid corporations hereby certifies that the foregoing is a true copy of resolutions adopted by the corporations.

_____
Authorized corporate officer

7

STATE OF NEW YORK      )
                       :SS:
COUNTY OF ~~KINGS~~ N.Y.   )

On the /5 day of May 2007 before me personally appeared HAMDY ASHMAWY, to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

Notarized
Hmmdy Ashmawy's
Signature on
5/15/07

LINDA A. PHILIP
Notary Public, State of New York
No. 01PH6088964
Qualified in New York County
Commission Expires March 17, ~~2007~~ 2011